## Nagele Estate

*Leonard F. Markel, Jr.*, for William A. Nagele.
*Harry F. Hauser*, for Edward J. Nagele.

VAN RODEN, P. J. (specially presiding), September 17, 1953.—Decedent died November 22, 1950, having first made, published and declared his last will in writing dated July 22, 1943, duly probated on December 2, 1950, wherein and whereby decedent devised and bequeathed his entire estate unto his two sons, William A. Nagele and Edward J. Nagele, in equal shares.

Subsequently, on December 2, 1952, Edward J. Nagele filed an appeal from probate of decedent's will for the purpose of opening the decree of probate so that he might offer for probate another writing signed by decedent, dated July 31, 1943, which appellant claimed to be a codicil to the will of July 22, 1943.

The writing of July 31, 1943, reads as follows:

"In distributing my estate equally between my sons, William A. and Edward J. Nagele after my decease, it is my desire that each one take credit for the following items and amounts which they have already received during my lifetime, and make necessary adjustment out of the balance of my estate so that each will receive equal shares of my estate before and after my decease:

"WILLIAM A. NAGELE

"Cancellation of mortgage held by me on the property known as 136 West Tenth Avenue, Conshohocken, Pa. ................$2,400.00

"Money advanced for front porch enclosure at above property ...................... 600.00

"Money advanced for kitchen improvements at above proprety ................. 550.00

"One twenty foot lot adjoining property of William A. Nagele, 136 West Tenth Avenue, by Deed dated July 15, 1938, Edward Nagele to William A. Nagele ............ 250.00

"Five lots at corner of West Tenth Avenue and Maple Street, Conshohocken, Pa., with garage located thereon, by Deed dated July 26, 1943 Edward Nagele to William A. Nagele .............................. 1,750.00

$5,550.00

"EDWARD J. NAGELE

"Forty-five foot tract of ground with brick dwelling and frame building located thereon, situate at 134 West 10th Avenue, Conshohocken, Pa., by deed dated July 26, 1943, Edward Nagele to Edward J. Nagele .....$6,000.00

"Household furniture, etc., and automobile ................................. 500.00

$6,500.00

"Should there not be sufficient assets in my estate after my decease to make such adjustment on an equal basis, it shall then be the duty of the one who has received the greater share or portion of my estate, either during my life time or after my decease, to pay over to the one who has received the lesser share or portion, a sum in cash as will give the latter an equal share of my estate before and after my decease.

"It is my desire that my two sons, William A. and Edward J. Nagele, distribute my estate equally be-

tween them as herein directed, as directed in my Last Will and Testament, without any friction or dispute between them whatsoever.

"Signed this 31st day of July, 1943.
"(Signed)    Edward Nagele"

The appeal from probate was dismissed by this court (per Holland, P. J.) on March 2, 1953, on the ground that the writing of July 31, 1943, is not testamentary in character.   In his opinion, President Judge Holland stated that the writing, ". . . could, at best, be regarded as an account of advancements made to the sons respectively in his lifetime, which would be subject to proof one way or the other as to whether either had, in fact, received the items therein stated."

At the time of audit, counsel for Edward J. Nagele requested the court to hold that the distributive share of William A. Nagele is subject to deduction for advancements made by decedent in his lifetime.   At a hearing held on April 7, 1953, competent testimony was introduced to establish that William A. Nagele did receive from decedent during the latter's lifetime, several years prior to the execution of the will of July 22, 1943, the first four items set forth in the writing of July 31, 1943, having an aggregate value of $3,800.   It was further established that he did not receive the remaining item listed under his name in the writing and that Edward J. Nagele did not receive the items listed under his name in the writing.   Accordingly, it is the present contention of Edward J. Nagele that the legal doctrine of advancements is applicable to the instant case, and that in computing the respective distributive share of the two sons, an adjustment must be made by virtue of the aforementioned inter vivos transfers by decedent to William A. Nagele amounting to $3,800.

An advancement has been defined by our Supreme Court as "an irrevocable gift by a parent to a child in

anticipation of such child's future share of the parent's estate": Laughlin Estate, 354 Pa. 43, 47 (1946).

Although an advancement in its strict technical sense relates expressly to cases of intestacy, the term is also used in a popular or nontechnical sense, where the will directed that advancements to beneficiaries shall be deducted from their shares: Laughlin Estate, ibid.

The difficulty in the instant case arises from the fact that decedent's will contains no directions concerning advancements and the gifts in question were made prior to the execution of the will. As stated in Laughlin Estate, supra, at page 47:

"In case of testacy where the will does not refer to advancements it is considered that the will extinguishes or merges all prior advancements. The law presumes that by making such a will testator disposed of his estate as he desired and with due consideration for the rights of those to whom advancements had been made."

The writing of July 31, 1943, had been judicially determined to be not testamentary in character, and no appeal having been taken from said ruling, the determination of that issue is binding upon the auditing judge (in which determination, incidentally, the auditing judge concurs). Accordingly, the only testamentary writing which may properly be considered by the auditing judge is the probated will, and the absence of any direction in the probated will with respect to deduction for gifts previously made by decedent to the beneficiaries designated in his will has the legal effect of extinguishing or merging any such prior advancements. The will of July 22, 1943, declares the intention of testator in plain or unambiguous language that decedent's entire estate shall be divided between his two sons "in equal shares alike". Accordingly, the

auditing judge is obliged to conclude that it was decedent's intentions, as expressd in the language of his will, that the entire distributive estate should be awarded unto his two sons in equal shares without deduction or adjustment by reason of any prior gifts to either or both of the sons.

In Clothier's Estate, 59 Montg. 317, 320 (1943), it was held that "any gift claimed to be an advancement in derogation of a gift in a will must necessarily have been made subsequent to the date of the will."

As heretofore noted, all of the alleged advancements occurred several years prior to the execution of decedent's will, and decedent's failure to note same in his will indicates that he did not intend any adjustment to be made with respect thereto in the final distribution of his estate.

The writing of July 31, 1943, unquestionably indicates a proposed plan whereby decedent's estate might be distributed between his two sons "without any friction or dispute between them whatsoever". However, he failed to translate this suggested distribution in a proper testamentary directive. Accordingly, the scheme of distribution outlined in the writing of July 31, 1943, must be considered as merely precatory and not mandatory.

It is regrettable that decedent's sons have failed their father's hope that distribution of his estate might be effected without friction or dispute. However, in the absence of an agreement between decedent's sons concerning distribution, this court is obliged to follow the plain and unequivocal language used by decedent in his will of July 22, 1943, and to award decedent's distributive estate unto his two sons "in equal shares alike", without regard to any gifts made by decedent to either son prior to the date of the will.